UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert M. Johnson,<br>Plaintiff, | CASE NO.: _____ |
| v. | COMPLAINT<br>(Jury Trial Requested) |
| Century Aluminum of South Carolina, Inc.,<br>Defendant. | |

The Plaintiff complaining of the Defendant, would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This Complaint arises out of violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et. seq., and in violation of South Carolina Code §41-1-80.

2. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

3. The Defendant owns and operates a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

4. The Plaintiff is entitled to the protections of the Family and Medical Leave Act (FMLA) on account of his own serious health condition, as well as his need for and use of medical leave protected by the Act.

5. The Plaintiff, Robert M. Johnson, is a citizen and resident of Berkeley County, South Carolina.

6. The Defendant, Century Aluminum of South Carolina, Inc. is a foreign corporation organized and operating under the laws of the State of Delaware and doing business in the County of Berkeley, State of South Carolina.

7. All improper employment practices alleged herein were committed within the State of South Carolina.

8. The Defendant is a "person" within the meaning of the Family and Medical Leave Act ("FMLA").

9. The Defendant is involved in an industry that affects commerce within the meaning of the FMLA.

10. The Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

11. The parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

12. The Plaintiff began working for the Defendant on or about August 21, 2024.

13. At all times during his employment, the Plaintiff was efficient and effective in his work.

14. Plaintiff was a caster in a cast house and notified his supervisor that he was having trouble with the extreme heat.

15. The casting pots average a temperature of 1800° Fahrenheit. The Defendant failed to monitor the heat in the cast houses in violation of OSHA regulations. There were three (3) cast houses running but the air conditioning only worked in one (1) cast house.

16. Employees were not supposed to work more than 15 days a month. Plaintiff worked in 12-hour shifts for multiple days but found that the days given for recovery were not enough.

17. Plaintiff and his coworkers began asking for more and more breaks due to overheating. Over a period of time, Plaintiff began suffering from heat exhaustion. One workday at the end of August 2024, Wayne, the safety manager, saw that Plaintiff was having bad cramps in his legs and trouble breathing. Wayne told Plaintiff he needed to go to the hospital and notified Plaintiff's supervisor, Tyrone Thompson. Plaintiff's wife picked him up and took him to the hospital.

18. Plaintiff tried to return to work the following day, and Mr. Thompson told him he needed to take time off to get completely checked out.

19. Plaintiff was taken out of work for 2 months by his doctor. At the end of 2 months, the doctor felt Plaintiff needed more time for his recovery. The doctor submitted the necessary paperwork to Defendant.

20. The Defendant refused to accept the paperwork from Plaintiff's doctor. One week later, Ms. Green, an employee of the Defendant, terminated the Plaintiff for too many absences because he didn't come to work while his doctor was sending paperwork to Defendant asking for more time off.

21. Although the Plaintiff clearly sustained a workers' compensation injury, The Defendant refused to report it to the workers' compensation department and refused the Plaintiff workers' compensation benefits.

22. Any stated reason for Plaintiff's termination was pretextual in nature and was in reality, retaliation for taking leave under the FMLA.

## FOR A FIRST CAUSE OF ACTION
### Violation of Family and Medical Leave Act

23. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

24. The Plaintiff is informed and believes that upon his request, he was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.) and Defendant's discipline against Plaintiff and discharge of his employment as a result of his having requested such leave is a violation of his rights under said statute.

25. The Defendant is a qualified "employer" subject to the said Family and Medical Leave Act and this Court has jurisdiction to enforce the provisions of said statute as it is a federal statute.

26. The Defendant's discipline against Plaintiff and discharge of Plaintiff following his notification of his medical condition and request for medical leave constituted a violation of the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.).

27. Defendant's actions were done willfully, maliciously, wantonly and were done recklessly in an intentional action designed to damage the Plaintiff.

28. Accordingly, Plaintiff is informed and believes that he is entitled to compensatory damages in the nature of the value of his lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, punitive damages and his reasonable attorneys' fees and costs for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
### RETALIATION 41-1-80

29. Plaintiff reiterates and realleges the allegations set forth above, as if, fully stated herein verbatim.

30. Plaintiff's treatment, in fact, was retaliatory in nature for Plaintiff's requesting to file a workers' compensation claim and the arbitrary and irrational reason given was a pretext, all in violation of the S.C. Code of Laws, §41-1-80, as amended.

31. Plaintiff's institution of a worker's compensation claim was a substantial factor in the Defendant terminating him.

32. The acts and conduct of the Defendant set forth above constitute a clear violation of public policy and were conducted in bad faith.

33. By reason of such wrongful and retaliatory treatment by Defendant, their agents and employees, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

34. Due to the acts of Defendants, their agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits and lost opportunity, reinstatement of benefits, and front pay.

35. Due to the acts of Defendant, their agents and/or employees, Plaintiff is entitled to an equivalent amount of pay that he was regularly getting before his injuries through, back wages and bonuses from the date of his retaliation to the present date, front pay for wages, wages he will lose in the future, and past and future benefits.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been kept in his proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise; said back pay to be doubled pursuant to the statute.

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award to the Plaintiff for reinstatement of the Plaintiff to his employment position;

6. An award of Plaintiff's attorney fees, including litigation expenses, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

**[Signature page to follow]**

                                        **WIGGER LAW FIRM, INC.**

                                        *s/Jarrel L. Wigger*
                                        Jarrel L. Wigger (Fed. I.D. #6345)
                                        Attorney for Plaintiff
                                        8086 Rivers Avenue, Suite A
                                        N. Charleston, SC 29406
                                        843-553-9800

North Charleston, South Carolina
November 4, 2025